THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEMOCRACY FORWARD FOUNDATION,
1333 H Street NW, 11th Floor
Washington, DC 20005,

    *Plaintiff*,

vs.

UNITED STATES CUSTOMS AND
BORDER PROTECTION
1300 Pennsylvania Avenue NW
Washington, DC 20229, and

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY
3801 Nebraska Avenue NW, Washington DC
20016,

    *Defendants*.

Case No.

## COMPLAINT

1. Plaintiff Democracy Forward Foundation ("Democracy Forward") brings this action against Defendants United States Customs and Border Protection ("CBP") and United States Department of Homeland Security ("DHS") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").

2. On June 22, 2018, Plaintiff submitted a FOIA request to CBP and DHS (of which CBP is a component) requesting records regarding the implementation of the so-called "zero tolerance policy" concerning the referral of individuals suspected of violating the unlawful entry statute, 8 U.S.C. § 1325(a), for prosecution—a topic of intense public scrutiny and ongoing debate that has raised substantial questions about the legality and integrity of government

conduct. The request was entitled to expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E)(i)(I). *See also* 6 C.F.R. § 5.5(e)(1)(ii) and (iv).

3. CBP and DHS unlawfully denied Democracy Forward's right to expedited processing of its FOIA request. Plaintiff therefore respectfully requests that the Court compel CBP and DHS to process the request on an expedited basis.

4. Defendants have further failed to respond sufficiently to Plaintiff's request. Plaintiff therefore respectfully requests that the Court compel CBP and DHS to comply with FOIA and produce the requested documents.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

6. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

7. Plaintiff Democracy Forward Foundation is a not-for-profit organization incorporated under the laws of the District of Columbia and based in Washington, D.C. Plaintiff works to promote transparency and accountability in government by educating the public on government actions and policies.

8. Defendant CBP is a federal agency within the meaning of FOIA, *see* 5 U.S.C. § 552(f)(1), and is headquartered in Washington, D.C. CBP has possession, custody, and control of records to which Democracy Forward seeks access.

9. Defendant DHS is a federal agency within the meaning of FOIA, *see* 5 U.S.C. § 552(f)(1), and is headquartered in Washington, D.C. DHS has possession, custody, and control of records to which Democracy Forward seeks access.

## FACTUAL ALLEGATIONS

10. On April 6, 2018, U.S. Attorney General Jefferson B. Sessions III announced a "zero tolerance policy," directing "each U.S. Attorney's Office along the Southwest Border (i.e., Southern District of California, District of Arizona, District of New Mexico, Western District of Texas) to adopt a policy to prosecute all Department of Homeland Security referrals of section 1325(a) violations, to the extent practicable."[1]

11. According to media reports, DHS thereafter issued its own "zero tolerance policy," which, together with the Department of Justice's policy, would have the unprecedented effect of requiring prosecution of every person suspected of violating the unlawful entry statute.[2] These policies have led to the separation of parents from their children, and have had the effect of deterring individuals from exercising their statutory asylum rights.

12. Unlike the Department of Justice, however, and contrary to FOIA's requirements, DHS and CBP did not publish their zero tolerance policy.

---

[1] U.S. Dep't of Justice, *Attorney General Announces Zero-Tolerance Policy for Criminal Illegal Entry* (Apr. 6, 2018), https://www.justice.gov/opa/pr/attorney-general-announces-zero-tolerance-policy-criminal-illegal-entry.

[2] Ted Hesson, *Trump Administration to Step Up Family Separation at the Border*, Politico (May 7, 2018), https://www.politico.com/amp/story/2018/05/07/trump-administration-family-separation-border-519220.

13. Other reporting also indicated that "senior immigration and border officials" sent a memorandum (the "Senior Officials Memo") to DHS Secretary Kirstjen Nielsen calling on her to increase the unlawful entry prosecutions.[3]

14. DHS and CBP also have not made the Senior Officials Memo public.

15. On June 22, 2018, Democracy Forward submitted identical FOIA requests to CBP and DHS, seeking communications and documents regarding their zero tolerance policy within CBP and various DHS offices.

*The FOIA Request*

16. Plaintiffs submitted a request via email to CBP and DHS on June 22, 2018 seeking the following records:

(1) A copy of the final DHS Zero Tolerance Memo and any memoranda or other communications providing guidance on implementation of the memo, or otherwise providing guidance or direction on the circumstances in which CBP will, or will not, refer violations of 8 U.S.C. § 1325(a) for prosecution. For this request, please search for records created between April 1, 2018 and the date the search is processed.

(2) A copy of the Senior Officials Memo and any memoranda or other communications providing guidance on implementation of the memo. For this request, please search for records created between April 1, 2018 and the date the search is processed.

---

[3] Sari Horwitz & Maria Sacchetti, *Sessions Vows to Prosecute All Illegal Border Crossers and Separate Children from Their Parents*, Wash. Post (May 7, 2018), https://www.washingtonpost.com/world/national-security/sessions-says-justice-dept-will-prosecute-every-person-who-crosses-border-unlawfully/2018/05/07/e1312b7e-5216-11e8-9c91-7dab596e8252_story.html?utm_term=.2ab37ed2a680.

(3) Any records, memoranda, or other communications providing guidance on implementing President Trump's June 20, 2018 Executive Order, *Affording Congress an Opportunity to Address Family Separation,* or otherwise providing guidance or direction on the circumstances in which CBP will, or will not, refer violations of 8 U.S.C. § 1325(a) for prosecution. For this request, please search for records created between June 1, 2018 and the date the search is processed.

(4) A copy of the El Paso Sector Report discussing apprehensions in the El Paso sector, as referenced in an article published by Vox on May 8, 2018 titled: *Trump's DHS Is Using an Extremely Dubious Statistic to Justify Splitting Up Families at the Border*. For this request, please search for records created between November 1, 2017 and the date the search is processed.

*See* Exhibit A, FOIA Request to CBP and DHS.

*Entitlement to Expedited Processing*

17. Democracy Forward sought expedited processing of both the CBP and DHS FOIA request pursuant to 5 U.S.C § 552(a)(6)(E)(i)(I), as implemented by 6 C.F.R. § 5.5(e)(1)(ii) and (iv).

18. Expedited processing shall be provided "in cases in which the person requesting the records demonstrates a compelling need . . . ." 5 U.S.C. § 552(a)(6)(E)(i)(I). "Compelling need" means requests "made by a person primarily engaged in disseminating information" with an "urgency to inform the public concerning actual or alleged Federal Government activity." 5 U.S.C. § 552(a)(6)(E)(v)(II).

19. Democracy Forward's CBP and DHS FOIA requests are "made by a person primarily engaged in disseminating information," and there is an "urgency to inform the public

concerning actual or alleged Federal Government activity." 5. U.S.C. § 552(a)(6)(E)(v)(II); *see also* 6 C.F.R. § 5.5(e)(1)(ii).

20. There is an urgent need to inform the public about the federal government activity that is the subject of Democracy Forward's CBP and DHS FOIA request.

21. The zero tolerance policy has caused a humanitarian crisis along the Southwest Border, which has been further complicated by the lack of transparency from the responsible federal agencies, including CBP and DHS, about the direction and scope of their enforcement policies.

22. Democracy Forward is primarily engaged in disseminating information to the public.

23. Democracy Forward gathers information, exercises editorial discretion in selecting and organizing documents, and distributes the resulting work to the public. Further, Democracy Forward routinely publishes and distributes a news analysis of actions taken by the Trump Administration to inform the public. News outlets regularly publish information Democracy Forward has uncovered.

24. Further, the zero tolerance policy is a "matter of widespread and exceptional media interest in which there exists possible questions about the government's integrity which affect public confidence." 6 C.F.R. § 5.5(e)(1)(iv).

25. The records that Democracy Forward seeks through the FOIA request is directly related to the humanitarian crisis at the Southwest Border—an issue which has been a primary focus of news coverage for the past weeks and months.

26. The subject of Democracy Forward's CBP and DHS FOIA request also raises questions about the government's integrity that affect public confidence. The policy was

allegedly based at least in part on data and information whose source and veracity the government has declined to confirm. The government has provided shifting and contradictory rationales for the policy. And the lawfulness of the policy has now been questioned in several different lawsuits.

27. The zero tolerance policy, and the massive humanitarian crisis it has caused, has been the subject of intense media scrutiny and significant ongoing litigation. Concern over the zero tolerance policy has been exacerbated by the lack of transparency by federal officers and agencies, including lack of disclosure on the implementation of the policy and on the reports that allegedly support the policy.

*CBP Response*

28. On June 25, 2018 CBP sent Plaintiff an e-mail denying its request for expedited processing. *See* Exhibit B, CBP Expedited Processing Denial Email.

29. In its denial, CBP stated conclusorily and without elaboration that the request for expedited processing "does not meet requirements per DHS regulations." CBP gave no further reasoning for the denial. CBP did not cite any statutory or regulatory requirements that Democracy Forward allegedly failed to satisfy.

30. As of the date of this Complaint, Defendant CBP has failed to notify Democracy Forward whether CBP will comply with the FOIA request, *see* 5 U.S.C. § 552(a)(6)(A)(i), or to produce all requested records or demonstrate that they are lawfully exempt from production. *See id.* § 552(a)(6)(C). Nor has CBP notified Democracy Forward of the scope of any responsive records CBP intends to produce or withhold and the reasons for any withholdings, or informed Democracy Forward that it may appeal any adequately specific, adverse determination.

*DHS Response*

31. Democracy Forward has yet to receive a decision from DHS regarding the expedited processing request, even though more than 10 days have elapsed from the date of the request. *See* 5 U.S.C. § 552(a)(6)(E)(ii)(I).

32. As of the date of this Complaint, Defendant DHS has failed to notify Democracy Forward whether DHS will comply with the FOIA request, *see* 5 U.S.C. § 552(a)(6)(A)(i), or to produce all requested records or demonstrate that they are lawfully exempt from production. *See id.* § 552(a)(6)(C). Nor has DHS notified Democracy Forward of the scope of any responsive records DHS intends to produce or withhold and the reasons for any withholdings, or informed Democracy Forward that it may appeal any adequately specific, adverse determination.

*Democracy Forward's Appeal of Denial of Expedited Processing*

33. On July 6, 2018, Democracy Forward appealed CBP's denial and DHS's constructive denial of its request for expedited processing. *See* Exhibit C, Expedited Processing Appeal Letter.

34. In its appeal, Democracy Forward further elaborated on the reasons that it is entitled to expedited processing, including: (i) describing Democracy Forward's proven track record of disseminating information for the purpose of informing the public about government operations and activities; (ii) explaining the critical urgency to inform the public of DHS's implementation of the zero tolerance policy; and (iii) explaining why the documents requested are a matter of tremendous media interest involving questions regarding the government's integrity.

35. Neither CBP nor DHS has responded to Democracy Forward's appeal, in violation of FOIA. *See* 5 U.S.C. § 552(a)(6)(E)(ii).

*Exhaustion of Administrative Remedies*

36. Through CBP's denial of Democracy Forward's request for expedited processing, and DHS's failure to respond within ten days after the date of the request, and both CBP's and DHS's failure to respond in any way to Democracy Forward's appeal of the denial of expedited processing, Democracy Forward has constructively exhausted its administrative remedies as to CBP and seeks immediate judicial review. *See* 5 U.S.C. § 552(a)(6)(E)(iii).

37. Because Defendants have "fail[ed] to comply with the applicable time limit provision" of the FOIA, even with the benefit of any extensions of time which FEMA might have claimed, Democracy Forward is "deemed to have exhausted [its] administrative remedies." *See id.* § 552(a)(6)(C)(i).

## COUNT I

### Violation of FOIA, 5 U.S.C. § 552

### Wrongful Denial of Expedited Processing of CBP FOIA Request

38. Democracy Forward repeats the allegations in the forgoing paragraphs and incorporates them as though fully set forth therein.

39. Democracy Forward properly requested records within the possession, custody, and control of CBP on an expedited basis.

40. CBP is an agency subject to FOIA and must process FOIA requests on an expedited basis pursuant to the requirements of 5 U.S.C. § 552(a)(6)(E) and 6 C.F.R. § 5.5(e)(1).

41. Democracy Forward is primarily engaged in disseminating information to the public, and there is an urgent need to inform the public about the federal government activity that is the subject of Democracy Forward's CBP FOIA request, such that expedited processing is appropriate under 5 U.S.C. § 552(a)(6)(E)(v)(II) and 6 C.F.R. § 5.5(e)(1)(ii).

42. CBP's failure to grant expedited processing violates FOIA and CBP regulations.

43. Plaintiff Democracy Forward is therefore entitled to injunctive relief requiring CBP to grant expedited processing of Democracy Forward's CBP FOIA request.

44. The records sought by Democracy Forward's CBP FOIA request relate to a matter of widespread and exceptional media interest in which there exits possible questions concerning the government's integrity that affect public confidence, such that expedited processing is appropriate under 6 C.F.R. § 5.5(e)(1)(iv).

45. CBP's failure to grant expedited processing under 6 C.F.R. § 5.5(e)(1)(iv) violates FOIA and CBP regulations.

46. Plaintiff Democracy Forward is therefore entitled to injunctive relief requiring CBP to grant expedited processing of Democracy Forward's CBP FOIA request.

## COUNT II

### Violation of FOIA, 5 U.S.C. § 552

### Wrongful Denial of Expedited Processing of DHS FOIA Request

47. Democracy Forward repeats the allegations in the forgoing paragraphs and incorporates them as though fully set forth therein.

48. Democracy Forward properly requested records within the possession, custody, and control of DHS on an expedited basis.

49. DHS is an agency subject to FOIA and must process FOIA requests on an expedited basis pursuant to the requirements of 5 U.S.C. § 552(a)(6)(E) and 6 C.F.R. § 5.5(e)(1).

50. Democracy Forward is primarily engaged in disseminating information to the public, and there is an urgent need to inform the public about the federal government activity that is the subject of Democracy Forward's DHS FOIA request, such that expedited processing is appropriate under 5 U.S.C. § 552(a)(6)(E)(v)(II) and 6 C.F.R. § 5.5(e)(1)(ii).

51. DHS's failure to grant expedited processing violates FOIA and DHS regulations.

52. Plaintiff Democracy Forward is therefore entitled to injunctive relief requiring DHS to grant expedited processing of Democracy Forward's DHS FOIA request.

53. The records sought by Democracy Forward's DHS FOIA request relate to a matter of widespread and exceptional media interest in which there exits possible questions concerning the government's integrity that affect public confidence, such that expedited processing is appropriate under 6 C.F.R. § 5.5(e)(1)(iv).

54. DHS's failure to grant expedited processing under 6 C.F.R. § 5.5(e)(1)(iv) violates FOIA and DHS regulations.

55. Plaintiff Democracy Forward is therefore entitled to injunctive relief requiring DHS to grant expedited processing of Democracy Forward's DHS FOIA request.

## COUNT III

## Violation of FOIA, 5 U.S.C. § 552

## CBP's Failure to Respond to Request Within 20 Days

56. Plaintiff repeats and incorporates by reference the foregoing paragraphs as if fully set forth herein.

57. By failing to respond to Plaintiff's request within the statutorily mandated time period, Defendant CBP has violated its duties under FOIA, *see* 5 U.S.C. § 552 *et seq.*, including but not limited to its duties to conduct a reasonable search for responsive records, to take reasonable steps to release all reasonably segregable nonexempt information, and to not withhold responsive records.

58. Plaintiff is being irreparably harmed by CBP's violation of the FOIA, and Plaintiff will continue to be irreparably harmed unless CBP is compelled to comply with the FOIA.

## COUNT IV

### Violation of FOIA, 5 U.S.C. § 552

### DHS's Failure to Respond to Request Within 20 Days

59. Plaintiff repeats and incorporates by reference the foregoing paragraphs as if fully set forth herein.

60. By failing to respond to Plaintiff's request within the statutorily mandated time period, Defendant DHS has violated its duties under FOIA, *see* 5 U.S.C. § 552 *et seq.*, including but not limited to its duties to conduct a reasonable search for responsive records, to take reasonable steps to release all reasonably segregable nonexempt information, and to not withhold responsive records.

61. Plaintiff is being irreparably harmed by DHS's violation of the FOIA, and Plaintiff will continue to be irreparably harmed unless DHS is compelled to comply with the FOIA.

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests the Court:

(1) order Defendants to expedite the processing of Democracy Forward's FOIA request submitted on June 22, 2018;

(2) order Defendants to conduct a search for any and all responsive records to Plaintiff's FOIA request and demonstrate that it employed search methods

reasonably likely to lead to discovery of records responsive to Plaintiff's FOIA request;

(3) order Defendants to produce, by a date certain, any and all nonexempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under a claim of exemption;

(4) enjoin Defendants from continuing to withhold any and all nonexempt records responsive to Plaintiff's FOIA request;

(5) order Defendants to grant Plaintiff's request for a fee waiver;

(6) award Plaintiff attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

(7) grant Plaintiff such other relief as the Court deems just and proper.

Dated: July 25, 2018

Respectfully submitted,

*/s/ Nitin Shah*

Javier M. Guzman (D.C. Bar No. 462679)
Nitin Shah (D.C. Bar No. 156035)
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
jguzman@democracyforward.org
nshah@democracyforward.org

CO-386-online
10/03

# United States District Court
# For the District of Columbia

DEMOCRATY FORWARD FOUNDATION )
)
)
)
     Plaintiff )   Civil Action No._____
   vs )
U.S. BORDER AND CUSTOMS PROTECTION, et al. )
)
)
     Defendant )

**CERTIFICATE RULE LCvR 7.1**

I, the undersigned, counsel of record for __Democracy Forward Foundation__ certify that to the best of my knowledge and belief, the following are parent companies, subsidiaries or affiliates of __Democracy Forward Foundation__ which have any outstanding securities in the hands of the public:

None

These representations are made in order that judges of this court may determine the need for recusal.

Attorney of Record

/s/ Nitin Shah_____
Signature

 156035 _____
BAR IDENTIFICATION NO.

Nitin Shah_____
Print Name

P.O. Box 34553_____
Address

Washington, D.C. 20043_____
City          State          Zip Code

(202) 448-9090_____
Phone Number